UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF THE DEAF, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 15-30023-MGM |
| HARVARD UNIVERSITY, et al., | * * | |
| Defendants. | * | |

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO STAY OR DISMISS
(Dkt. No. 23)

November 2, 2016

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

The National Association of the Deaf and four named plaintiffs (collectively, "NAD" or "Plaintiffs") bring this action against the President and Fellows of Harvard College (collectively, "Harvard" or "Defendants") under Title III of the Americans with Disabilities Act ("ADA"), 29 U.S.C. §§ 12181–12189, and Section 504 of the Rehabilitation Act of 1972 ("Section 504"), 29 U.S.C. § 794, alleging discrimination in the provision of goods and/or services. Defendants moved to dismiss or, in the alternative, to stay based on the doctrine of primary jurisdiction.

This case was assigned to District Judge Mastroianni, who referred it to Magistrate Judge Robertson for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). Judge Robertson issued her R&R (Dkt. No. 50), to which Defendants timely filed objections (Dkt. No. 63). Having reviewed the complaint, the original motion and opposition, the R&R, Defendants' objections, and Plaintiffs' response to Defendants' objections, the court adopts Judge Robertson's recommendation in full for the reasons set forth below.

## II. FACTS

In an ongoing effort to improve educational access, Harvard has launched an online learning platform that allows members of the public to engage with academic material not otherwise available to them. The available curricula cover a wide range of topics, including the arts, history, engineering, organizational development, mathematics, religion, finance, and medicine. Describing its reasons for launching these online curricula, Harvard states it "has long been a leader in providing access to innovative learning opportunities" and that "[p]art of this leadership includes taking advantage of new technologies" to provide "people from around the world increasing access to the breadth and depth of Harvard's learning content." About Page, http://online-learning.harvard.edu/about (last visited Nov. 11, 2016). Plaintiffs allege Harvard violates the ADA and Section 504 by denying the deaf and hard of hearing meaningful access to its online curricula by not closed captioning all of its online audio and audiovisual content. Compl. ¶ 2 (Dkt. No. 1). Harvard denies its obligation to do so.

## III. STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether a movant meets this standard, a federal court must "constru[e] the well-pleaded facts of the complaint in the light most favorable to the

plaintiffs." *Ocasio–Hernández v. Fortuña–Burset*, 640 F.3d 1, 7 (1st Cir. 2011). "[A] plaintiff's factual allegations must be sufficient to raise a right to relief above the speculative level." *DeGrandis v. Children's Hosp. Bos.*, 806 F.3d 13, 17 (1st Cir. 2015) (internal quotation marks omitted). A plaintiff may not rely on conclusory allegations that "simply mirror[] the legal standard against which the complaint is to be tested." *Ocasio–Hernández*, 640 F.3d at 11 (quoting *Iqbal*, 556 U.S. at 686).

## IV.  DISCUSSION

### A. Primary jurisdiction

Harvard requests the court stay the present action pending publication of a formal rule governing website and online video accessibility by the Department of Justice ("DOJ"). Defendants cite the doctrine of primary jurisdiction in support of their request. This doctrine allows federal courts to stay litigation on issues better suited for resolution by an administrative agency, in this case the DOJ. The First Circuit uses the following three-part test to determine whether application of the primary jurisdiction doctrine is justifiable: (1) whether an agency determination lies "at the heart" of a task assigned by Congress to the agency; (2) whether agency expertise is required to "unravel intricate, technical facts"; and (3) whether the agency's determination would materially aid the court. *See Pejepscot Indus. Park, Inc. v. Me. Cent. R.R. Co.*, 215 F.3d 195, 205 (1st Cir. 2000). A court's invocation of primary jurisdiction is discretionary. *See Composite Co., Inc. v. Am. Int'l Grp., Inc.*, 988 F. Supp. 2d 61, 73 (D. Mass. 2013) (quoting *Dolan v. Utica Mut. Ins. Co.*, 630 F. Supp 305, 308 (D. Mass. 1986)).

The court agrees a stay based upon primary jurisdiction is not necessary in this case. Adjudicating the scope of the ADA and Section 504 is not "at the heart" of the task assigned the DOJ by Congress; while the DOJ has power to issue rules and regulations interpreting these statutes, Congress had not granted it adjudicative power over the same. Additionally, the court does not need the DOJ's technical expertise to resolve the issue at hand. Federal courts are experienced in interpreting the ADA and Section 504, and statutory interpretation is routine practice. *See* DOJ

Statement of Interest at 2 ("For more than two decades, federal courts have resolved effective communications claims alleging unequal access to goods, benefits, and services provided through websites or other electronic media."). Furthermore, the agency's future rule will not materially aid the court. The court is aware of the DOJ's opinion on the issues, having reviewed the DOJ's Statement of Interest. Lastly, the court finds staying this case impractical. The DOJ does not have a projected date of issuance. Rather, it expects to issue its rule "at some point in the future." *Id.* The court finds this indeterminate estimation insufficient to warrant a stay.

### B. Motion to dismiss

For the court to grant Harvard's motion to dismiss, Defendants must show Plaintiffs' claims under the ADA and Section 504 are facially implausible. Harvard has not done so. To state a plausible claim under either statute, Plaintiffs must satisfy three claim elements. First, Plaintiffs must show they are disabled and otherwise qualified to participate in Harvard's online curricula. Next, Plaintiffs must establish Harvard receives federal funding (for purposes of Section 504) and is a public accommodation (for purposes of the ADA). Finally, Plaintiffs must allege facts that, considered in the light most favorable to NAD, tend to suggest Harvard discriminated against Plaintiffs on the basis of Plaintiffs' disability. NAD has satisfied all three elements. As to the first, Plaintiffs are deaf or hard of hearing, and qualified as members of the general public to participate in Harvard's online offerings. As to the second element, there is no doubt Harvard receives federal funding and qualifies as a public accommodation under the ADA. *See* 42 U.S.C. § 12181(7) (listing as public accommodations "secondary, undergraduate, or postgraduate private school[s], or other place[s] of education"). Lastly, Plaintiffs have plausibly alleged discrimination on a theory of disparate impact. *See Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 144 (1st Cir. 2014) (discussing disparate impact theories under the ADA).

Harvard makes several legal arguments, which they assert defeat Plaintiffs' claims as a matter of law. Among these arguments is Harvard's contention that it is entitled to statutory exemptions for accommodations that impose an unreasonable financial or administrative burden, or require a fundamental change in the good at issue. These are excellent and well-articulated arguments by Defendants, but are nonetheless inappropriate for resolution on a motion to dismiss. A motion to dismiss addresses the plausibility of a plaintiff's claims, not the strength of a defendant's affirmative defenses. It is true an affirmative defense that precludes a plaintiff's complaint as a matter of law may justify dismissal. *See Ocasio–Hernández*, 640 F.2d at 10 ("Unlike factual allegations, legal conclusions contained within a complaint are not entitled to a presumption of truth." (quoting *Iqbal*, 556 U.S. at 1949–50)). That is not the case here. Harvard's affirmative defenses presuppose factual findings that cannot be resolved at this stage of litigation.

## V.   CONCLUSION

For the foregoing reasons and those stated in the findings and ruling of the Magistrate Judge, the Report and Recommendation is hereby ADOPTED in its entirety. Defendants' Motion to Stay or Dismiss is hereby DENIED.

It is So Ordered.

    /s/ Mark G. Mastroianni_____
MARK G. MASTROIANNI
United States District Judge