IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF THE DEAF, on behalf of its members, C. WAYNE DORE, CHRISTY SMITH, and LEE NETTLES, on behalf of themselves and a proposed class of similarly situated persons,<br><br>      Plaintiffs,<br><br>v.<br><br>HARVARD UNIVERSITY, and the PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>      Defendants. | CIVIL ACTION NO. 3:15-cv-30023-KAR |

## PLAINTIFFS' MOTION TO CONSOLIDATE

Plaintiffs National Association of the Deaf ("NAD"), C. Wayne Dore, Christy Smith, and Lee Nettles respectfully move this Court, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 40.1(j) of the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules"), to consolidate the captioned matter ("*Harvard*") with *National Association of the Deaf v. Massachusetts Institute of Technology*, Civil Action No. 3:15-cv-30024-KAR ("*MIT*"), for purposes of discovery, experts, and scheduling.

Pursuant to Local Rule 40.1(j), Plaintiffs file the motion in the present case as it was the first filed of the two cases.

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that she conferred with counsel for Defendants Harvard University and the President and Fellows of Harvard College

(collectively "Harvard"), and the defendant in Civil Action No. 3:15-cv-30024, the Massachusetts Institute of Technology ("MIT"), who stated that his clients opposed this motion.

## BACKGROUND

On February 12, 2015, identical plaintiffs -- the NAD, C. Wayne Dore, Christy Smith, and Lee Nettles -- brought identical legal claims against Harvard and MIT (collectively, "the Universities") alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*., and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, based on the Universities' failure to caption online video and audio content, rendering it inaccessible to deaf and hard of hearing people. *Harvard*, Dkt. No. 1; *MIT*, Dkt. No. 1.

On May 11, 2015, Harvard and MIT -- represented by the same attorneys -- filed nearly identical motions to stay or dismiss. *Harvard*, Dkt. No. 23; *MIT*, Dkt. No. 24; *see also* Tr. of Hr'g on Defs.' Mots. to Stay or Dismiss at 5:11-14 (Sept. 10, 2015) (Counsel for the Universities states that the motions are "virtually identical."). On September 10, 2015, this Court convened a joint hearing on both motions. *Harvard*, Dkt. No. 42; *MIT*, Dkt. No. 43. On February 9, 2016, this Court issued a Report and Recommendation ("R&R") in *Harvard* (recommending that Judge Mastroianni deny Harvard's Motion), Dkt. No. 50, which it adopted by reference in *MIT*, Dkt. No. 51. On November 3, 2016, Judge Mastroianni issued an order in *Harvard*, adopting this Court's R&R, Dkt. No. 77, which he adopted by reference in *MIT*, Dkt. No. 78. Between the issuance of the R&R and Judge Mastroianni's order adopting it, counsel originally representing both Harvard and MIT withdrew, and new counsel -- the same for both Universities -- entered their appearance. *Harvard*, Dkt. Nos. 51, 58-61, 72, 78, 85; *MIT*, Dkt. Nos. 52, 58-61, 72, 79, 86.

On December 9, 2016, the Universities filed similar answers, raising the same defenses. *Compare Harvard* Dkt. No. 82 *with MIT* Dkt. No. 83. From that time until early 2018, the parties

attempted to resolve the cases, reporting periodically -- and simultaneously -- to the Court. *See, e.g., Harvard*, Dkt. Nos. 94, 99, 110, 114; *MIT*, Dkt. Nos. 94, 99, 110, 114. The Court held a joint status conference in both cases on February 8, 2018. *Harvard*, Dkt. No. 115; *MIT*, Dkt. No. 115. This past spring, however, the schedules of the two cases diverged, as the parties in *Harvard* reported to this Court on February 22, 2018 that they had reached an impasse, *Harvard*, Dkt. No. 117, and requested and received a Scheduling Order to proceed with litigation, *id.*, Dkt. No. 128. Plaintiffs and MIT continued to negotiate until June 18, 2018, when they reported to this Court that they had reached an impasse. *MIT*, Dkt. No. 136. This Court entered a Scheduling Order in the *MIT* case on July 23, 2018. *Id.*, Dkt. No. 143.

Although the cases are now on different schedules, the Universities have filed motions to dismiss on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) in each case, *Harvard*, Dkt. No. 140 (June 29, 2018); *MIT*, Dkt. No. 148 (August 24, 2018). These motions made all of the same arguments save two -- concerning the university's use of third-party sites to host content, and university faculty and staff being third parties -- which only Harvard made. *Compare Harvard* Dkt. No. 140 *with MIT* Dkt. No. 148. On October 30, 2018, this Court conducted a single hearing addressing both motions. *Harvard*, Dkt. No. 149; *MIT*, Dkt. No. 151.

## **ARGUMENT**

Rule 42(a) of the Federal Rules of Civil Procedure permits this Court to consolidate the *Harvard* and *MIT* cases if they "involve a common question of fact or law." Fed. R. Civ. Pro 42(a)(1). In considering a motion to consolidate, "[t]he threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (emphasis in original). Once this is established, this Court "has broad discretion in weighing the costs and

benefits of consolidation to decide whether that procedure is appropriate." *Id.* In making that determination, the Court "should consider 'the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation.'" *Perry v. Equity Residential Mgmt.*, L.L.C., No. CIV.A. 12-10779-RWZ, 2014 WL 4198850, at *2 (D. Mass. Aug. 26, 2014) (internal citations omitted).

"A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Seguro de Servicio de Salud*, 878 F.2d at 8 (internal citations omitted).

The *Harvard* and *MIT* cases meet the threshold condition: they share common parties (identical plaintiffs) and common questions of law and fact. The fundamental legal question in the two cases are identical: what is the obligation, under Title III and Section 504, of a place of public accommodation that receives federal funding to caption video and audio content it makes publicly available on its website? As the Universities' motions to dismiss and motions for judgment on the pleadings demonstrate, many subsidiary legal questions are also common. While there will be factual differences in each University's online content and resources, there are also common factual questions, for example, how much does it cost to caption video content?

With that threshold established, the Court is to consider judicial economy and the convenience of the parties. These factors also strongly support consolidation, as it would permit significant savings of the Court's and the parties' time and resources. Under the currently-applicable Scheduling Orders in each case, the deadlines in *Harvard* are approximately four months earlier than those in *MIT*. *Compare Harvard* Dkt. No. 128 *with MIT* Dkt. No. 143. All parties have served similar discovery on one another, however, so similar legal issues are likely to arise during that process. It will save the Court's and the parties' resources to address them

only once. Similarly, it is likely that Plaintiffs will use the same experts in both cases, and Plaintiffs will save significant time and resources working with them to prepare reports -- and Defendants, preparing to depose them -- if they only have to go through that process once. Even if the Universities retain different experts, it will be more efficient for Plaintiffs and the Court to prepare for and address legal issues relating to these experts at the same time. Travel time for out-of-state counsel on both sides of the case will be far more efficient if the timing of depositions and hearings can be coordinated.

Finally, as the Court appears to recognize in the scheduling of joint hearings for both the motions to dismiss and the motions for judgment on the pleadings, synchronizing briefing schedules in both cases offers great efficiencies for both the Court and the parties. Indeed, the current schedules would prejudice Plaintiffs, as they would be required to respond to any dispositive motion in *Harvard* long before the Universities' common counsel drafts a dispositive motion in *MIT*. A similar situation arose in the scheduling of briefing on the Universities' motions for judgment on the pleadings, which the parties agreed was unfair and agreed to remedy. "During the parties' Local Rule 16.1 conference, the parties agreed that Plaintiffs may be prejudiced in the MIT case if their Opposition to Harvard's Motion for Judgment on the Pleadings was filed prior" to the deadline for MIT's motion. Assented-To Mot. of Pls. Nat'l Ass'n of the Deaf, *et al*. for Extension of Time to File Opp'n to Defs.' Mot. for J. on the Pleadings, *Harvard* Dkt. No. 142, at 2; *see also id.* Dkt. No. 143 (granting motion).

Under the First Circuit's standard, in light of the above, consolidation is appropriate unless Defendants can show "'demonstrable prejudice.'" *Seguro de Servicio de Salud*, 878 F.2d at 8. Because Defendants have consistently filed similar pleadings making similar arguments, and because Plaintiffs are willing to adopt the later schedule in *MIT* or a compromise schedule,

Defendants cannot show prejudice from the proposed consolidation. It is also significant that the Universities "have the same counsel thus lessening any delay or confusion because counsel is familiar with both proceedings." *Americus Mortg. Corp. v. Mark*, No. CIV.A. 12-10158-GAO, 2013 WL 3106018, at *13 (D. Mass. June 17, 2013).

Ultimately, consolidation does not merge the suits or change the rights of parties to file different pleadings. *See Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018). Cases that are consolidated under Rule 42(a) retain their independent characters, "necessitating separate verdicts and judgments or separate decrees." *Id*. at 1128 (internal quotations and citations omitted). Thus, consolidation would allow the parties to make different arguments in their respective motions, as was the case in the Universities' motions for judgment on the pleadings, *compare Harvard* Dkt. No. 140 *with MIT* Dkt. No. 148, while offering enormous efficiencies to the Court and the parties.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request the Court consolidate the present case with the *MIT* case for purposes of discovery, experts, and scheduling.

Respectfully submitted,

*/s/ Amy Farr Robertson*
Timothy P. Fox*
Amy Farr Robertson*
CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER
104 Broadway, Suite 400
Denver, CO 80203
Tel.: 303.757.7901
tfox@creeclaw.org
arobertson@creeclaw.org

Thomas P. Murphy, BBO No. 630527
DISABILITY LAW CENTER, INC.
32 Industrial Drive East
Northampton, Massachusetts, 01060
Tel.: 413.584.6337
tmurphy@dlc-ma.org

Stanley J. Eichner, Esq., BBO No. 543139
DISABILITY LAW CENTER, INC.
11 Beacon Street, Suite 925
Boston, MA 02108
Tel: 617.723.8455
seichner@dlc-ma.org

Caroline E. Jackson*
Marc P. Charmatz*
THE NATIONAL ASSOCIATION OF THE DEAF LAW AND ADVOCACY CENTER
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Tel.: 301.587.1788
TTY: 301.587.1789
caroline.jackson@nad.org
marc.charmatz@nad.org

Joseph M. Sellers*
Shaylyn Cochran*
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave NW, Fifth Floor
Washington, DC 20005
Tel: 202.408.4600
jsellers@cohenmilstein.com
scochran@cohenmilstein.com


Attorneys for Plaintiffs and Proposed Plaintiff Class

* Application for admission *pro hac vice* granted

Dated: November 2, 2018

# CERTIFICATE OF SERVICE

I hereby certify that, on November 2, 2018, the foregoing document was served on the attorneys listed below by email:

Roberto M. Braceras
rbraceras@goodwinlaw.com

Jennifer B. Luz
jluz@goodwinlaw.com

William M. Jay
wjay@goodwinlaw.com

Andrew Kim
andrewkim@goodwinlaw.com

Janet Grumer
janetgrumer@dwt.com

*Attorneys for Defendant*

                                              */s/ Amy Farr Robertson*
                                              Amy Farr Robertson
                                              *Pro Hac Vice*