UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NATIONAL ASSOCIATION OF THE DEAF,   )
et al.,                             )
                                    )
        Plaintiffs,                 )
                                    )
            v.                      )        Case No. 3:15-cv-30023-KAR
                                    )
HARVARD UNIVERSITY, and the         )
PRESIDENT AND FELLOWS OF            )
HARVARD COLLEGE,                    )
                                    )
        Defendants.                 )

MEMORANDUM AND ORDER REGARDING PLAINTIFFS' ASSENTED-TO MOTION TO
CERTIFY THE CLASS FOR SETTLEMENT PURPOSES AND FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Dkt. No. 200)

ROBERTSON, U.S.M.J.

   I.   INTRODUCTION

        Plaintiffs National Association of the Deaf ("NAD"), C. Wayne Dore, Christy Smith, and

Lee Nettles (collectively, "Plaintiffs") commenced this putative class action in February 2015.

On behalf of a proposed class of deaf and hard of hearing individuals, Plaintiffs asserted that the

defendants, Harvard University and the President and Fellows of Harvard College (collectively,

"Harvard") were in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794,

and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, because of an

alleged lack of close captioning or unintelligible captioning of videos and audio tracks made

publicly available by Harvard.  Following lengthy negotiations, the parties have reached a

settlement and executed a proposed consent decree.  Before the court is the Plaintiffs' Assented-

to Motion to Certify the Class for Settlement Purposes and for Preliminary Approval of Class

Action Settlement ("Plaintiffs' Motion"). For the reasons set forth below, the court GRANTS

Plaintiffs' Motion.

II.     CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CONSENT DECREE

Before certifying a class for purposes of settlement and preliminarily approving a class

settlement agreement, the court must be satisfied that: (A) the proposed class should be certified

for the purpose of settlement; (B) the settlement is fair, reasonable, and adequate; and (C) the

proposed notice and notice plan satisfy due process requirements. *See* Fed. R. Civ. P. 23(e).

A.  The Proposed Class Should be Certified

i.   The Requirements of Rule 23(a)

Plaintiffs propose to certify the following class:

> [A]ll persons (other than students of Harvard University) who, at any time
> between February 11, 2013 and the date of preliminary approval of this
> settlement, have claimed or could have claimed to assert a right under Title III of
> the ADA, Section 504 of the Rehabilitation Act, and/or other federal, state or
> local statutes or regulations that set forth standards or obligations coterminous
> with or equivalent to Title III of the Americans with Disabilities Act or any of the
> rules or regulations promulgated thereunder, alleging that they are deaf or hard of
> hearing and that Harvard has failed to make accessible to persons who are deaf or
> hard of hearing online content posted and available for the general public that is
> produced, created, hosted, linked to, or embedded by Harvard

(Dkt. No. 201-1 at 4).

First, the court finds, as Plaintiffs contend, that the class is sufficiently large that joinder

is impracticable. *See New Eng. Carpenters Health Benefits Fund v. First Databank, Inc.*, Civil

Action No. 05-cv-11148-PBS, Civil Action No. 07-10988-PBS, 2009 WL 10703302, at *2 (D.

Mass. Mar. 30, 2009). The threshold for numerosity is not high. *See Connor B. ex rel. Vigurs v.

Patrick*, 272 F.R.D. 288, 292 (D. Mass. 2011). The online content at issue in this case is publicly

available and of interest to a wide range of individuals. There is a substantial population of

individuals in this country who are deaf or hard of hearing, any one of whom may have sought

access during the relevant period to audio or audiovideo content that Harvard makes available to the general public on one of Harvard's websites or on an official channel hosted by a third party platform such as YouTube. Moreover, Plaintiffs represent that discovery established that dozens of NAD members sought access to Harvard's online web materials before and during the course of this litigation.[1] This information is a sufficient basis for finding that the numerosity requirement is satisfied, and the court so finds.

The court also finds that the commonality and typicality requirements are satisfied. *See Connor B.*, 272 F.R.D. at 292-93 (stating that the commonality and typicality requirements tend to merge) (citing *Gen'l Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982)). Commonality is, again, not a high bar. *See id.* at 293. Here, all members of the proposed class are in the same position legally vis-à-vis the accessibility of Harvard's online content. As the proposed class is defined, all of its members are deaf or hard of hearing and have been unable to access Harvard's online content because it was not captioned or it was captioned unintelligibly. "The third requirement of Rule 23(a) requires that the named Plaintiffs' claims be typical of the absent class members. The claims of the entire class need not be identical, but the class representatives must generally 'possess the same interests and suffer the same injury' as the unnamed class members." *Id.* at 296 (quoting *Falcon*, 457 U.S. at 156). Plaintiffs allege that each named class representative and each member of the proposed class has been denied access to the same

---

[1] As of December 6, 2019, Harvard's YouTube channel had 1.05 million subscribers. *See* Harvard Univ. (Dec. 6, 2019), youtube.com/user/Harvard?app=desktop). On the same date, Harvard represented that more than 20 million individuals have enrolled in online courses offered without charge through edX, a nonprofit organization started by Harvard and the Massachusetts Institute of Technology with a mission of bringing education to everyone, everywhere. *See* About edX (Dec. 6, 2019), edx.org/about-us. These numbers illustrate the wide appeal of Harvard's online offerings.

uncaptioned material pursuant to the same general practices of Harvard, thus satisfying the requirements of a common interest and a common injury.

Fourth, the requirement for fair and adequate representation of the proposed class is satisfied. "[A] named plaintiff is adequate if his 'interests … will not conflict with the interests of any of the class members,'" *Brito v. Barr*, 395 F. Supp. 3d 135, 147 (D. Mass. 2019) (quoting *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)) (alteration in original), if common legal questions apply to the claims of the named plaintiffs and members of the proposed class, *id.* at 148, and if the attorneys representing the class are qualified and competent. *Connor B.*, 272 F.R.D. at 297 (citing *Andrews*, 780 F.2d at 130). As noted above, the interests of the named plaintiffs and those of members of the proposed class are the same, as are the legal questions raised by their claims. Counsel for all parties in this case have provided representation of the very highest caliber, vigorously and thoughtfully advocating for their clients. For their part, Plaintiffs have ensured that they are represented by experienced advocates who specialize in litigating disability rights class actions. Plaintiffs are represented by Joseph Sellers and Shaylyn Cochran of Cohen Milstein Sellers & Toll PLLC; Thomas P. Murphy, Tatum A. Pritchard, and Caitlin Parton of the Disability Law Center, Inc.; Amy Farr Robertson of the Civil Rights Education and Enforcement Center; Arlene Mayerson and Namita Gupta of the Disability Rights Education and Defense Fund, Inc.; and Howard Rosenblum of the National Association of the Deaf. Plaintiffs' counsel report that they have invested substantial time and resources in litigating this case, have conducted an extensive investigation into questions related to the captioning of Harvard's online content, and that the legal team includes lawyers who have a deep familiarity with the needs of individuals who are deaf or hard of hearing and with the state-of-

the-art technology that can serve their needs (Dkt. No. 201 at 15-16).  The requirements of Rule

23(a) are satisfied.

> ii.     The Requirements of Rule 23(b)(2)
>
> "In addition to satisfying the four elements of Rule 23(a), Plaintiffs must
> demonstrate that they also meet one of the requirements set forth in Rule 23(b).
> Here, Plaintiffs assert that they have satisfied the requirements of Rule 23(b)(2),
> which applies when 'the party opposing the class has acted or refused to act on
> grounds that apply generally to the class, so that final injunctive relief or
> corresponding declaratory relief is appropriate respecting the class as a whole.'"

*Connor B.*, 272 F.R.D. at 297 (quoting Fed. R. Civ. P. 23(b)(2)).  This is a quintessential Rule

23(b)(2) case.  *See Reid v. Donelan*, 297 F.R.D. 185, 193 (D. Mass. 2014) (stating that "civil

rights actions like this one, where a party charges that another has engaged in unlawful behavior

toward a defined group, are 'prime examples' of Rule 23(b)(2) classes") (quoting *Amchen*

*Prods., Inc. v. Windsor*, 521 U.S. 591, 614)).  In alleging a lack of access to Harvard's publicly

available online content, Plaintiffs, on their own behalf and on behalf of the potential class, have

advanced a common contention in this litigation "generally applicable to all members of the

class."  *Id.*  Plaintiffs seek injunctive relief that sets standards for access to Harvard's online

content for individuals who are deaf or hard of hearing and do not "request any damages that

have the potential to muddy the analysis."  *Id.*  Harvard has assented to Plaintiffs' Motion and

does not dispute that Plaintiffs have shown that the class meets the requirements of Rule 23(b)(2)

and that class treatment is appropriate.

For the foregoing reasons, the court will certify the proposed class as defined above for

settlement purposes, appoint plaintiffs C. Wayne Dore, Christy Smith, and Lee Nettles as class

representatives, and appoint Plaintiffs' proposed counsel as counsel for the class.

B.  Preliminary Approval of the Proposed Consent Decree

A court may approve a class settlement only if the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The factors by which a proposed settlement is judged are whether: (i) the class representatives and class counsel adequately represented the class; (ii) the proposed settlement was negotiated at arm's length; (iii) the relief obtained for the class is adequate; and (iv) the proposed settlement treats class members equitably relative to each other. *Id.* Judged by these factors, the court finds that the proposed Consent Decree is fair, reasonable, and adequate.

i. Plaintiff's Class has been Admirably Represented

"The duty of adequate representation requires counsel to represent the class competently and vigorously and without conflicts of interest with the class." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 36 n.12 (1st Cir. 2009). The court must be satisfied that the interests of the class representatives do not conflict with the interests of any of the class members, *Andrews*, 780 F.2d at 130, and that Plaintiffs' counsel are qualified and experienced and provided vigorous representation during the course of the case. *Id.*

As is set forth above, the interests of C. Wayne Dore, Christy Smith, and Lee Nettles, the named plaintiffs, are consistent with the interests of the members of the proposed class. All share a common interest in access to Harvard's online content as defined in the proposed Consent Decree (Dkt. No. 201-1). Because the class representatives seek "the same remedy . . . based on an identical theory" as the rest of the class, there is no conflict between the class representatives and other members of the proposed class. *See Reid*, 297 F.R.D. at 191. The class representatives have actively participated in this litigation, regularly attending substantive hearings held by the court and consulting with counsel about the management and direction of the litigation. NAD, one of the plaintiffs, is the leading national civil rights organization

6

advocating for deaf and hard of hearing individuals and is uniquely positioned to represent the

interests of the class. Plaintiffs have retained qualified and highly skilled attorneys with a

demonstrated record of success in cases similar to this one (Dkt. No. 201 at 15-16, 18 n.3). This

case was filed when pre-suit discussions between Plaintiffs' counsel and Harvard did not result

in an agreement about access to Harvard's online content for members of the general public who

are deaf and hard of hearing. Settlement was reached after four years spent alternately litigating

and negotiating. Plaintiffs' counsel investigated the factual and legal bases for the class claims,

opposed two dispositive motions, engaged in extensive discovery and analysis of the information

received from Harvard, and negotiated long and hard seeking the best outcome for their clients.

The court has no doubt that Plaintiffs' counsel have vigorously and competently represented

their clients in reaching the proposed settlement. *See Connor B.*, 272 F.R.D. at 297.

   ii.   The Proposed Consent Decree Results from True Arm's Length Negotiations

   A settlement is presumed to be reasonable when it is achieved by arm's length

negotiations conducted by experienced counsel. *In re Pharm. Indus.*, 588 F.2d at 33; *Roberts v.*

*TJX Cos., Inc.*, Civil Action No. 13-cv-13142-ADB, 2016 WL 8677312, at *5-6 (D. Mass. Sept.

30, 2016). The proposed settlement is the product of extended negotiations that began even

before the litigation was filed. The settlement has been extensively negotiated among counsel

and during multiple sessions in formal mediation, first with Linda Singer, a private mediator, and

then with Magistrate Judge Judith Dein of this court. It is obvious to the court that Plaintiff's

counsel have invested substantial time and resources to advance the interests of the settlement

class. In the court's view, settlement is an eminently reasonable choice. The court has twice

ruled that Plaintiffs' complaint states claims under the Rehabilitation Act and Title III of the

ADA. At the same time, because the case raises complex and unresolved issues under Title III

and the Communications Decency Act of 1996, 47 U.S.C. § 230, it is difficult to predict the

outcome of this case. Further, Harvard acknowledges the importance of access to its publicly

available online content, has expressed a commitment to accessibility, and recently enacted its

Digital Accessibility Policy ("Policy") addressing this issue. In view of these factors, the court

has been of the view that a negotiated settlement might be possible and would serve the interests

of all parties. The settlement the parties have negotiated achieves positive results for class

members beyond those available under Harvard's recently adopted Policy (which Harvard may

have been motivated to adopt in response, at least in part, to this litigation). *See Bacchi v. Mass.

Mut. Life Ins. Co.*, Civil Action No. 12-11280-DJC, 2017 WL 5177610, at *2 (D. Mass. Nov. 8,

2017). The court is informed that "[t]he parties reached full agreement on the injunctive relief

before beginning to negotiate attorneys' fees and costs," *The Civil Rights Educ. & Enf't Ctr. v.

RLJ Lodging Tr.*, Case No. 15-cv-0224-YGR, 2016 WL 314400, at *2 (N.D. Cal. Jan. 25, 2016),

a further indication that counsel placed their clients' interests firmly in first place.

For the foregoing reasons, the court will grant preliminary approval of the proposed

consent decree and will hear further argument for or against the decree at the fairness hearing,

which will be held on February 25, 2020. *See In re P.R. Cabotage Litig.*, 269 F.R.D. 125, 142

(D.P.R. 2010).

III. PROPOSED NOTICE AND NOTICE PLAN

The parties have shown the court that it will likely be able to approve the proposed

consent decree and certify the class for purposes of judgment on the proposal. *See* Fed. R. Civ.

P. 23(e)(1)(B)(i) and (ii). Accordingly, the court must "direct notice in a reasonable manner to

all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B).

> Class members are entitled to receive "the best notice practicable" under the
> circumstances. *Burns v. Elrod*, 757 F.2d 151, 154 (7th Cir. 1985) (citing Fed. R.

Civ. P. 23(c)(2)).  Notice is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citation and quotation marks omitted).  "The hallmark of the notice inquiry … is reasonableness." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 696 (D. Colo. 2006) (citing *Sollenbarger v. Mountain States Tel. & Tel. Co.*, 121 F.R.D. 417, 436 (D.N.M. 1988)); *see also, e.g., Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478 (1988).

*The Civil Rights Educ. & Enf't Ctr.*, 2016 WL 314400, at *11 (alteration in original).

The parties have conferred and agreed upon a proposed notice and a proposed notice plan.  Having reviewed the proposed notice, the court finds that it satisfies the notice standard.  The proposed notice includes a clear and comprehensive summary of the provisions of the proposed settlement.  It defines the relevant terms, explains what content will be captioned, when the captioning will occur, and "explains to class members their right to object and be heard in open court." *Id.*, at *12.

The jointly crafted notice plan provides that Plaintiffs' counsel will create a website where a copy of the notice in English and American Sign Language will be posted.  The Civil Rights Education Center, the Disability Law Center, the Disability Rights Education and Defense Fund, and NAD will post a link to the notice page on their respective websites; the organizations will email an accessible copy of the notice to their members; class counsel will email an accessible copy of the notice to other organizations who may provide services to class members; and, for six weeks, Harvard will post a link to an accessible copy of the notice on six Harvard web pages.  The court is satisfied that this electronic publication is "the most reasonable manner to ensure that class members receive word of the settlement." *Id.*, at *12; *see also Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co.*, Civil Action No. 09-cv-02757-WYD-KMT, 2015 WL 5695890, at *2 (D. Colo. Sept. 29, 2015) (finding that a similar notice plan satisfied Rule 23(e) and Due Process).  Online publication of the notice is particularly appropriate here because

the class, by definition, consists of individuals who access online content and have at least some

familiarity with the Internet.  Accordingly, the court will approve the form of notice and the

jointly proposed notice plan as the best form of notice in the circumstances of the case.

IV.    CONCLUSION

As set forth above, the court holds as follows:

1.  The following class is certified for settlement purposes:

    All persons (other than students of Harvard University) who, at any time
    between February 11, 2013 and the date of preliminary approval of this
    settlement, have claimed or could have claimed to assert a right under Title III
    of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
    and/or other federal, state or local statutes or regulations that set forth
    standards or obligations coterminous with or equivalent to Title III of the
    Americans with Disabilities Act or any of the rules or regulations promulgated
    thereunder, alleging that they are deaf or hard of hearing and that Harvard has
    failed to make accessible to persons who are deaf or hard of hearing online
    content posted and available for the general public that is produced, created,
    hosted, linked to, or embedded by Harvard.

2.  The court appoints named plaintiffs C. Wayne Dore, Christy Smith, and Lee
    Nettles as class representatives.

3.  The court appoints the following lawyers as class counsel: Joseph Sellers and
    Shaylyn Cochran of Cohen Milstein Sellers & Toll PLLC; Thomas P.
    Murphy, Tatum A. Pritchard, and Caitlin Parton of the Disability Law Center,
    Inc.; Amy Farr Robertson of the Civil Rights Education and Enforcement
    Center; Arlene Mayerson and Namita Gupta of the Disability Rights
    Education and Defense Fund, Inc.; and Howard Rosenblum of the National
    Association of the Deaf.

4.  The proposed Consent Decree is preliminarily approved.

5.  The proposed notice and the jointly proposed plan for dissemination of the
    proposed notice is approved.

6.  The court sets the following deadlines:

    a.  Plaintiffs will issue the notice to the class by December 16, 2019;
    b.  The deadline to submit objections to the settlement in accordance with
        the instructions in the notice is February 10; 2020;
    c.  Responses to objections will be submitted by February 17, 2020; and

     d.   A fairness hearing will be held on February 25, 2020 at 11:00 a.m.

It is so ordered.

Dated:  December 9, 2019                <u>/s/ Katherine A. Robertson</u>
                                         KATHERINE A. ROBERTSON
                                         United States Magistrate Judge